IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA        *

     vs.                      *    CRIMINAL NO. MJG-06-05

BARRY ELIJAH DAVIS              *

\*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM AND ORDER

The Court has before it the document filed by Defendant Barry Elijah Davis ("B. E. Davis") entitled "Exparte (sic) Motion in Support of Plaintiff's Independent Action of Relief Pursuant to Rule 60(d)(1) of the Federal Rules of Civil Procedure" [Document 219]. The Government asserts that the document is a successive petition for relief under 28 U.S.C. § 2255 and must be dismissed. The Court agrees.

I. BACKGROUND

On December 4, 2006, B. E. Davis was convicted on a conditional[1] plea of guilty to mail fraud charges in the instant case and to mail fraud charges in MJG-07-0324, a Rule 20 disposition of charges brought in the Western District of Kentucky. On September 12, 2007, B. E. Davis was sentenced to

---

[1] B. E. Davis reserved the right to appeal the Court's denial of suppression of evidence.

96 months of incarceration in the instant case and 30 months (concurrent) in MJG-07-324.

B. E. Davis appealed. His conviction and sentence were affirmed on September 22, 2008. United States v. Brooks, 294 Fed. Appx. 71 (4th Cir. 2008).

B. E. Davis then filed a timely motion seeking post-conviction relief under 28 U.S.C. § 2255. [Documents 169 and 174]. On March 12, 2009, the Court denied the motion. [Document 180]. On March 26, 2009, B. E. Davis filed a document entitled "Petitioner's Fed. R. Civ. P. 60(b)(4) Motion Requesting Relief from Judgement (sic)." [Document 184]. On May 20, 2009 the Court denied the said motion, stating that there was no basis to grant relief under Rule 60(b) and that B. E. Davis should pursue any appellate rights he may have. [Document 198]. On that same day, B. E. Davis filed a notice of appeal from the Court's denial of his § 2255 motion. On July 15, 2010, the United States Court of Appeals for the Fourth Circuit dismissed the appeal, denying a certificate of appealability. [Document 211]. On September 24, 2010, the United States Court of Appeals for the Fourth Circuit denied B. E. Davis's petitions for rehearing and en banc hearing. [Document 213].

On January 25, 2012, B. E. Davis filed a letter that was docketed as a Motion to Vacate Under 28 U.S.C. § 2255. [Document 216]. On February 6, 2012, the Court denied the motion.[2] [Document 217]. On February 21, 2012, B. E. Davis filed the instant motion.

II. DISCUSSION

While B. E. Davis seeks to place the label of Rule 60(d) on the instant motion, the label does not fit. In substance, the instant motion is no more than a successive motion seeking relief under 28 U.S.C. § 2255 presenting contentions that either had been presented in prior proceedings in the case or should have been.

As stated in United States v. Beggerly, 524 U.S. 38, 47 (1998), "under [Rule 60(d)], an independent action should be available only to prevent a grave miscarriage of justice." There has been no miscarriage of justice in the instant case. B. E. Davis cannot deny that he was, in fact, guilty, of the charged offenses to which he pleaded guilty. He had – and utilized – the right to appeal and to obtain review of the Court's suppression of evidence. Moreover, he has had at least one bite at the § 2255 apple.

---

[2] More precisely, the Court dismissed the separate case that had been opened when the motion was docketed.

As stated by the United States Court of Appeals for the Fourth Circuit in United States v. Winestock, 340 F.3d 200 (4th Cir. 2003), "district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" 340 F.3d at 206 (emphasis in original). The same rationale applies to a purported Rule 60(d) motion.

The Winestock Court stated:

> Our holding raises the question of how to distinguish a proper Rule 60(b) motion from a "successive [application] in 60(b)'s clothing." There may be no infallible test for making this distinction, but a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

Id. at 207 (citations omitted).

The instant motion is, rather clearly, a successive application in Rule 60(d)'s clothing.  B. E. Davis has not obtained a certification as required by 28 U.S.C. § 2255(h).  Accordingly, the instant motion shall be denied.

III. CONCLUSION

For the foregoing reasons the Exparte (sic) Motion in Support of Plaintiff's Independent Action of Relief Pursuant to Rule 60(d)(1) of the Federal Rules of Civil Procedure" [Document 219] is DENIED.

SO ORDERED, this Tuesday, June 19, 2012.

/s/
Marvin J. Garbis
United States District Judge